**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EDWARD D. KOONCE, etc.,
and TRACI L. KOONCE, etc.,

        Plaintiffs,

vs.                                                        Case No. 3:09-cv-87-J-32JRK

THE CLAY COUNTY SHERIFF'S OFFICE,
etc., et al.,

        Defendants.

## ORDER[1]

In this action, plaintiffs bring various federal and state law claims against several entities, officials, and individuals in Clay County arising out an incident in 2004 when Edward Koonce was arrested following an auto accident and subsequently treated with allegedly excessive force by guards resulting in physical injuries after he requested medications while in custody at the Clay County Sheriff's Office. Defendants filed a joint answer as to most of these allegations (Doc. 3), responding with three motions to dismiss as to the remaining counts and parties (Docs. 4, 5, 6). Plaintiffs filed a consolidated response in opposition (Doc. 13) and these motions are therefore now ripe for decision.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." Id. at 1951.

In their first motion (Doc. 4), defendants move to dismiss Count I as to plaintiff Traci L. Koonce (Edward Koonce's wife) who brings a claim for loss of consortium under 42 U.S.C. § 1983 (defendants answered Traci L. Koonce's state law loss of consortium claim contained in Count VI). Section 1983 "is not itself a source of substantive rights, but [rather] merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quotations and citations omitted). The first inquiry in a section 1983 suit, therefore, is "to isolate the precise constitutional violation with which the defendant is charged." Id. at 394 (quotations and citations omitted). Plaintiffs have cited no authority suggesting that the right to consortium is constitutionally protected and indeed, there appears to be none. See Gresham v. Dell, 630 F.Supp. 1135, 1138 (N.D. Ga. 1986) (holding that "loss of consortium is nothing more than a state law tort which does not rise to a constitutional level," noting that "no court has ever recognized a constitutionally protected right to consortium"). See also, Robertson v. Hecksel, 420 F.3d 1254, 1262 (11th Cir. 2005) (affirming dismissal of parent's claim under § 1983 for loss of companionship of adult child shot by police officer and explaining that "Constitution does not protect against all encroachments by the state onto the interests of individuals"). Traci L. Koonce's Count I

section 1983 claims for loss of consortium are therefore due to be dismissed.

In their second motion (Doc. 5), defendants move to dismiss Count III's conspiracy claim on grounds that plaintiffs have failed to plead sufficient facts to state such a claim and because the intra-corporate conspiracy doctrine serves to bar such a claim. In Count III, "plaintiff" (presumably Edward Koonce) alleges that defendants engaged in a conspiracy to deprive him of his First Amendment rights by using force against him in response to his request for medication and retaliated against him for exercising his right to freedom of speech. First, it is not at all clear how each of the defendants is allegedly involved or even what the allegations are that support the claim for conspiracy or the claim for retaliation for exercise of free speech. Under the standards recently articulated in Iqbal, 129 S.Ct. 1937, this count is due to be dismissed without prejudice to repleading.[2] In re-framing this claim, plaintiffs are instructed to separate the claims for conspiracy and retaliation.

---

[2]In reframing this count, plaintiffs are advised that the intra-corporate conspiracy doctrine has been applied to bar conspiracy claims against police officers accused of willfully conspiring to deprive a pretrial detainee of civil rights. See Hartline v. Gallo, 546 F.3d 95, 99, n.3 (2nd Cir. 2008) (holding intra-corporate conspiracy doctrine barred claim against officers for conspiracy to commit illegal search); Phillips v. City of Southfield, No. 07-10764, 2007 WL 2049883, *2-3 (E.D. Mich. July 17, 2007) (holding intra-corporate conspiracy doctrine barred claim for conspiracy to engage in unauthorized entry of plaintiff's residence to effect arrest); but see Banister v. City of Chicago, No. 06cv5759, 2009 WL 393865, *5 (N.D. Ill. Feb. 12, 2009) (declining to apply intra-corporate conspiracy doctrine to shield police who allegedly conspired to frame plaintiff for a murder). See also, Perez v. Miami-Dade County, 297 F.3d 1255, 1263, n.20 (11th Cir. 2002) (affirming application of intra-corporate conspiracy doctrine to bar claims against officers accused of conspiring to deprive plaintiff of his rights based on race); Shaw v. Hardberger, 2007 WL 1174202, *12 (W.D. Tex. Apr. 19, 2007) (holding intra-corporate conspiracy doctrine barred claim against officers for conspiracy to engage in excessive force and to falsify documents regarding incident due to plaintiff's race). Because plaintiffs' claim as alleged is so vague, the Court cannot determine at this juncture whether the intra-corporate conspiracy doctrine would serve as a bar to such a conspiracy claim against any of the defendants here or not.

Defendants' final motion is brought by defendant Clay County Sheriff's Office, claiming that it is not a legal entity which can be sued (Doc. 6). Plaintiffs claim this motion is moot because while they originally sued "the Clay County Sheriff's Office," they amended the caption in state court, naming instead "the Office of the Sheriff of Clay County Rick Beseler." See Plaintiffs' Response, Doc. 13 at 2. However, the amended complaint before the Court names (among many others) both "The Clay County Sheriff's Office, a political subdivision of the State of Florida" *and* "Sheriff Rick Beseler, in his official capacity." Defendant's motion is therefore granted.

Accordingly, it is hereby

**ORDERED**:

Defendants' Motions to Dismiss (Docs. 4, 5, and 6) are **GRANTED**. No later than **June 29, 2009** plaintiffs shall file a Second Amended Complaint that conforms with these rulings, taking care to specifically name each party included in each count to avoid any confusion going forward. Defendants shall file their answer(s) no later than **July 20, 2009**. The parties will otherwise continue to be governed by the Case Management and Scheduling Order (Doc. 15) already entered in this case.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of June, 2009.

*[signature]*
**TIMOTHY J. CORRIGAN**
United States District Judge

s.
Copies:

counsel of record